UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERRICK FICKLIN,

                Plaintiff,

        -against-

KEYSER, SUPERINTENDENT,

                Defendant.

20-CV-1610 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, currently incarcerated in Sullivan Correctional Facility, brings this action *pro se.* By order dated February 25, 2020, the Court required that Plaintiff, within thirty days, either pay the $400 in fees required to bring an action in this Court, or, to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"), submit an IFP application and a prisoner authorization. (ECF No. 2.) Plaintiff failed to respond, and by order dated May 8, 2020, the Court dismissed the complaint without prejudice and entered judgment. (ECF Nos. 3 and 4.) That order also denied Plaintiff IFP status for the purpose of an appeal.

      On August 12, 2020, the Court received a submission from Plaintiff that included a copy of an appeal of an administrative grievance that was directed to the Commission of Corrections, in which Plaintiff "cc'd" the District Court. (ECF No. 5.) The Clerk of Court docketed Plaintiff's submission as a notice of appeal of the Court's May 8, 2020 order and judgment, and subsequently transmitted the notice of appeal to the Second Circuit, which opened the action as a new appeal. *See Ficklin v Keyser*, No 20-2701 (2d Cir., filed Aug. 13, 2020).

      On August 25, 2020, the Court received from Plaintiff a completed IFP application and prisoner authorization. (ECF Nos. 6 and 7.) Plaintiff submitted both documents using the forms that the Court included as attachments to its February 25, 2020 order. On August 28, 2020, the

Court received from the Court of Appeals a notice stating that Plaintiff's appeal may not move forward until the Court rules on the August 25, 2020 IFP application. But the Court has already denied Plaintiff IFP status for the purposes of an appeal. (*See* ECF No. 3.)

Because it is unclear whether Plaintiff intended to file a notice of appeal, and because the Court has already denied Plaintiff's application to proceed IFP on appeal, the Court construes Plaintiff's August 25, 2020 submission as an attempt to comply with the Court's original February 25, 2020 order, which directed him to submit these documents.

But because a notice of appeal has been docketed, this Court lacks jurisdiction to rule on Plaintiff's application to proceed IFP before this Court or to otherwise allow Plaintiff's litigation of this matter to proceed. *See Toliver v. Cnty. of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992) (stating that a notice of appeal divests the district court of jurisdiction). Should Plaintiff wish to proceed in the district court, he must withdraw his appeal.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Clerk of Court is further directed to transmit a copy this order to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  September 2, 2020
        New York, New York

                                         COLLEEN McMAHON
                                   Chief United States District Judge